cases of *Haynes* raising the same self-incrimination issue, would apply only to prosecutions commenced after the date those decisions were announced. Nussbaum's prosecution antedated the pronouncement of *Haynes*.

The order is affirmed.

**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Donald Paul CAMBURN and Robert Louis Zick, Defendants-Appellants.**

**No. 30916**

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

April 5, 1971.

Rehearing Denied April 27, 1971.

Thomas G. Sharpe, Jr., Hardy & Sharpe, Brownsville, Tex., for defendants-appellants.

Donald P. Camburn, pro se.

Robert L. Zick, pro se.

Anthony J. P. Farris, U. S. Atty., Joseph Doucette, Raul A. Gonzalez, James R. Gough, Asst. U. S. Attys., Houston, Tex., for plaintiff-appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

Affirmed. See Local Rule 21.[1]

**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Randall Clarke MUMPER, Defendant-Appellant.**

**No. 31011**

**Summary Calendar.****

United States Court of Appeals, Fifth Circuit.

April 26, 1971.

---

* Rule 18, 5th Cir. See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

1. See NLRB v. Amalgamated Clothing Workers of America, 430 F.2d 966 (5th Cir. 1970).

Appellants were indicted on two counts, Count I for violation of 21 U.S.C. § 176a and Count II for violation of 26 U.S.C. § 4744(a) (2). At arraignment they pled not guilty to Count I and claim that they were ready to enter a plea of guilty to Count II when the United States Attorney orally announced that he wished to dismiss Count II. The court subsequently dismissed Count II upon written motion filed by the United States Attorney prior to trial on Count I. The appellants contend that the district court committed error by failing to comply with Rule 48(a) F.R.Crim.P. in dismissing Count II of the indictment and proceeding to trial on Count I.

** Rule 18, 5th Cir. See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al., 5th Cir. 1970, 431 F.2d 409, Part I.

Gerald Kogan, Miami, Fla. (Court-appointed) for defendant-appellant.

Robert W. Rust, U. S. Atty., Lloyd G. Bates, Jr., Asst. U. S. Atty., Miami, Fla., for plaintiff-appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

Judgment affirmed. See Local Rule 21.[1]

---

**UNITED STATES of America, Plaintiff-Appellee,**

v.

**James Walter KING, Defendant-Appellant.**

**No. 30826**
**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

April 8, 1971.

J. Kennedy Hutcheson (court-appointed), Hutcheson, Forbes & Lassiter, Jacksonville, Fla., for defendant-appellant.

John L. Briggs, U. S. Atty., Aaron K. Bowden, Asst. U. S. Atty., Jacksonville, Fla., for plaintiff-appellee.

Before WISDOM, COLEMAN and SIMPSON, Circuit Judges.

PER CURIAM:

Affirmed. See Local Rule 21.**

**In the Matter of PLANTS AND FACILITIES CO., Inc., Bankrupt.**

**Curtis E. FULLER and Catherine M. Fuller, Respondents-Appellants,**

v.

**PLANTS AND FACILITIES CO., Inc., Bankrupt-Appellee.**

**No. 26585.**

United States Court of Appeals, Ninth Circuit.

March 30, 1971.

---

1. See NLRB v. Amalgamated Clothing Workers of America, 430 F.2d 966 (5th Cir. 1970).

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

** See N.L.R.B. v. Amalgamated Clothing Workers of America, 5 Cir. 1970, 430 F. 2d 966.